IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNA LANGAN, TERESA DE BARBARAC, and ALEXANDRA CARSON,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of Texas* and KEN PAXTON, *in his official capacity as Attorney General of Texas*,<br><br>Defendants. | § § § § § § § § § § § § § | 1:19-CV-1182-RP |

## **ORDER**

On December 4, 2019, Plaintiffs filed their complaint in this case. (Dkt. 1). Over the next 90 days, Plaintiffs did not request any summonses, file executed summonses, or file waivers of service. *See generally* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time.") (emphasis added). On March 4, 2020, the Court ordered Plaintiffs to show cause on or before March 11, 2020, as to why their claims should not be dismissed under Rule 4(m). (Order, Dkt. 5). The Court warned Plaintiffs that failure to show good cause "may result in the dismissal of this action." (Order, Dkt. 5, at 2 (citing Fed R. Civ. P 4(m); Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))). Plaintiffs did not respond to the order to show cause. So, left without justification for extending the time for service, the Court ordered their claims dismissed without prejudice, (Dkt. 6), and entered final judgment, (Dkt. 7), on March 12, 2020.

Now before the Court is Plaintiffs' motion to amend judgment, filed later that day, in which they ask the Court to reopen the case. (Dkt. 10). Plaintiffs point the Court to two waivers of service signed on March 3, 2020 (the final day of the 90-day period), which they filed with the Court several

hours after final judgment was entered and which set Defendants' answer deadlines as May 4, 2020. (Dkt. 8, 9). Plaintiffs provide no explanation whatsoever for why they did not file these waivers prior to the Rule 4(m) deadline or prior to the deadline to show cause. They recognize that "the Court was within its authority to issue judgment under Rule 4(m)," (Dkt. 10 at 1), but their failure to comply with the Court's order to show cause is a separate basis for dismissal. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

In any case, the Court construes Plaintiffs' motion as having been made under Federal Rule of Civil Procedure 59(e). "A motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

Here, Plaintiffs do not offer any justification for the Court to apply this extraordinary remedy. Because their claims in this case were dismissed without prejudice, (Order, Dkt. 6, at 2), they are free to refile their complaint. The prejudice they may suffer of having to pay another filing fee, (Mot., Dkt. 10, at 1), does not outweigh the overriding judicial imperative to enforce procedural rules. *See generally Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[S]trict adherence to the

procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to amend the judgment, (Dkt. 10), is **DENIED**.

**SIGNED** on March 13, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE